BEVILACQUA, APPELLANT, *v.* MACK, APPELLEE.

(No. 157—Decided April 4, 1951.)

Mr. *Otto W. Hess* and Mr. *David Meekison,* for appellant.

Messrs. *Sutphen & Hummer* and Mr. *Karl Weaner, Jr.,* for appellee.

GUERNSEY, J. This is an appeal upon questions of law from a judgment of the Common Pleas Court of Defiance County, Ohio, in an action wherein the appellant, Joseph Bevilacqua, was plaintiff, and the appellee, Ned Mack, was defendant.

The action is one for damages for personal injuries sustained by plaintiff in a collision between an automobile operated by plaintiff and an automobile operated by defendant, at the intersection of a north and south highway and an east and west highway, alleged to have been caused by the negligence of the defendant.

The judgment from which this appeal is taken was entered upon a verdict directed by the court in favor of the defendant.

The plaintiff-appellant assigns error in that said judgment is contrary to law.

Considering the evidence in a light most favorable to plaintiff, as is required to be done upon the direction of a verdict against him, it tends to prove the following facts:

Preceding the collision between the automobile operated by the plaintiff and the automobile operated by the defendant, the plaintiff was operating his automobile upon a north and south highway, proceeding in a southerly direction, and the defendant was operating his automobile on an east and west highway, proceeding in an easterly direction.

Neither highway was of such a character as to entitle the operators of motor vehicles upon it to preferential status as to right of way over the operators of motor vehicles upon the other highway.

North of the intersection upon which the collision between the two automobiles occurred, the highway upon which the plaintiff was operating his automobile was 40 feet in width, the metal, or paved portion thereof, being 12 feet in width.

West of the intersection where the collision occurred, the highway upon which the defendant was operating his automobile was 60 feet in width, the metal, or paved portion thereof, being 15 feet in width.

The intersection of the two highways was 40 feet in

width east and west and 60 feet in width north and south.

A schoolhouse, which to some extent obstructed the view of each of the automobile operators of the highway upon which the other was proceeding, faced the east and west highway and was 27 feet in width east and west and 44 feet in depth north and south, and the easterly wall thereof was 39 feet from the center of the paved portion of the north and south road and 33 feet from the west edge of said paved portion.

The south wall of the schoolhouse was 46 feet north of the center of the paved portion of the east and west road, or 38 feet from the north edge of said paved portion.

A parked truck which also obstructed the views of the operators of the respective automobiles was headed north at the southeast corner of the schoolhouse, the front end practically against the schoolhouse. The rearmost part thereof was 10 feet north of the north edge of the paved portion of the east and west road. The right side of the truck was practically in line with the east side of the school building which side of the building, as above mentioned, was 39 feet from the center of the paved portion of the north and south highway.

Consequently, the view of the plaintiff to the right, in operating his automobile into the intersection of the highways before entering the paved portion of the intersection of the highways, was unobstructed for a distance of 10 feet.

The plaintiff, at approximately 200 feet north of the intersection, slackened the speed of his automobile which he was then operating at a rate of speed of approximately 35 miles per hour, to such a speed that as it entered the intersection it was proceeding at a speed of from 5 to 10 miles per hour.

The plaintiff looked to the left as his automobile entered the intersection and did not observe any vehicle approaching from that direction. And he then, having passed the truck parked at the south side of the schoolhouse which had obscured his view, looked to the right and observed the automobile operated by defendant approaching from the right at a distance of approximately 50 feet.

The collision followed almost instantaneously and within a second or two when the front wheels of the plaintiff's automobile had reached and were upon the paved portion of the intersection of the two highways.

The defendant did not, at the time of the collision or previous thereto, observe the automobile of the plaintiff.

It does not appear from the evidence that the plaintiff had observed the automobile operated by defendant until he looked to the right at the intersection, as above mentioned.

Plaintiff, and his wife who was riding in his automobile with him and occupying the left side of the front seat thereof at the time of and preceding the collision, both testified that when they observed the automobile operated by defendant, after passing the parked truck at the south side of the schoolhouse, defendant's automobile was being operated at a speed of about sixty miles per hour.

The right front part of plaintiff's automobile was struck by defendant's automobile and both automobiles were practically demolished by the force of the collision, and the plaintiff sustained serious injuries.

Upon the above-mentioned factual situation, as neither highway had preferential status with reference to the other, the operators of the respective vehicles, in the operation of same, were governed by the provisions of Section 6307-40, General Code, prescribing

that the operator of a vehicle shall yield the right of way at an intersection to a vehicle approaching from the right.

The phrase, "right of way," as used in Section 6307-40, General Code, is defined in Section 6307-2, General Code, as : "The right of a vehicle * * * to proceed uninterruptedly in a lawful manner in the direction in which it * * * is moving, in preference to another vehicle * * * approaching from a different direction into its * * * path."

In the case of *Morris* v. *Bloomgren*, 127 Ohio St., 147, 187 N. E., 2, 89 A. L. R., 831, it was held in the first paragraph of the syllabus that Sections 6310-28 and 6310-28*a* of the General Code, now designated Sections 6307-2 and 6307-40 of the General Code, construed together, confer the absolute right of way upon a vehicle approaching from the right, qualified only by the requirement that in proceeding uninterruptedly it must proceed in a lawful manner.

In the fifth paragraph of the syllabus in the above case it is also held that if a favored driver discovers that the other is not yielding the right of way he must exercise ordinary care not to injure the other.

While the decision in the above-mentioned case determines the duty of an operator of a vehicle approaching from the right, and the duty of such favored driver, upon discovery that the other is not yielding the right of way, it does not in any way determine or reflect upon the right and duty of the nonfavored driver in case the favored driver is not proceeding in a lawful manner; and there is no statute prescribing the duty of the unfavored driver in this situation.

This question was under consideration in the case of *Willard* v. *Fast,* 75 Ohio App., 225, 61 N. E. (2d), 807 (motion to certify overruled by the Supreme Court January 31, 1945), in which it was held that the stat-

utes being silent as to the duty of an unfavored driver when he discovers that the motorist on his right is not approaching the intersection in a lawful manner, and they both arrive at the intersection at or about the same time, it is the duty of the unfavored driver to not only refrain from injury to the other, but also to use ordinary care for his own safety.

It was also held that an unfavored driver, looking for the approach of vehicles upon his right at an intersection, must look within such a distance that he may safely bring his vehicle to a stop before entering the path of an oncoming vehicle approaching from his right.

Applying these holdings, the court rendered a judgment against an unfavored driver and for the favored driver upon the ground that the unfavored driver was contributorily negligent as a matter of law in not looking to the right at the intersection at such a distance before entering the path of an oncoming automobile that he could safely bring his vehicle to a stop before entering its path.

We approve the reasoning upon which that decision is based, and hold further, upon the same reasoning, that the driver of a vehicle approaching an intersection, where a vehicle to his right, pursuant to the provisions of Section 6307-40, General Code, is entitled to the right of way, owes the duty of using ordinary care for his own safety and to avoid injury to others, to proceed in such a manner and at such a speed that, in the event a vehicle is approaching from his right in such a manner and/or at such a speed that he can not safely pass in front of it, he may safely bring his automobile to a stop before entering the path of the approaching vehicle.

Considering the factual situation in the instant case, above set forth, in view of the statutory provisions, de-

cisions and holdings, and assuming that the defendant, as contended by the plaintiff, was negligent in operating his automobile at an excessive speed and upon the wrong side of the paved portion of the roadway, the evidence shows that the plaintiff was negligent as a matter of law in failing to use ordinary care for his own safety in not looking for the approach of the automobile from his right at such a distance from the paved portion of the intersection that he could safely stop the vehicle driven by him before entering the path of the approaching automobile, and in not operating his automobile in such a manner that he could look to the right for approaching vehicles and safely bring it to a stop before entering the path of the approaching car of defendant; and that as a matter of law such negligence on the part of the plaintiff contributed to cause the injuries of which he complains.

As the plaintiff was contributorily negligent in the respects mentioned, he is precluded from recovering from the defendant, and the judgment of the Common Pleas Court is not contrary to law and is affirmed, at costs of plaintiff, and the cause remanded for execution.

*Judgment affirmed.*

MIDDLETON, P. J., and JACKSON, J., concur.